UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPHINE AMATUCCI, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:17-cv-00157-JDL |
| | ) |
| STUART CHASE, et al., | ) |
| | ) |
| Defendants | ) |

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED TRANSFER OF THE CASE

The plaintiff has filed suit against Stuart Chase, the former police chief of the Town of Wolfeboro, New Hampshire, Rob Houseman, the former town planner/acting town manager of Wolfeboro, two other town employees, and the Town of Wolfeboro itself for federal constitutional rights violations pursuant to 42 U.S.C. § 1983 as well as under several state common law tort theories. *See* [Complaint] (ECF No. 1). I grant the plaintiff's request for leave to proceed *in forma pauperis*, but because venue does not properly lie in this District and the plaintiff initially filed the same or similar suits in the United States District Court for the District of New Hampshire ("USDC/New Hampshire"), I recommend that the court transfer this case to the USDC/New Hampshire pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

### I. Application To Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In her application to proceed *pro se*, the plaintiff lists her total monthly income as $1,811.00, consisting of Social Security payments and $350.00 per month received from a boarder in her house. ECF No. 3 ¶ 2. She lists no assets or cash in any bank account. *Id*. ¶¶ 4-5. For expenses, she lists a monthly

recurring expense of $300.00 for heating fuel for her house and has attached to her application copies of bills for what appear to be a car loan, cable service, car insurance, homeowners' insurance, a mortgage, health care insurance, and a tax bill from the Town of Wolfeboro, which range in dates across 2015 and 2016. *Id*. ¶ 8 & attachments thereto. The plaintiff lists no dependents. *Id*. ¶ 7. These financial circumstances entitle her to proceed *in forma pauperis* and, accordingly, I grant her petition to proceed *in forma pauperis*.

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. United States Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

**B. Factual Background**

So read, the plaintiff's complaint alleges a series of events beginning on May 7, 2014, that include being assaulted by the former chief of police of Wolfeboro, New Hampshire, and later, by the town's former manager. Complaint ¶¶ 8, 11. The complaint also alleges that Wolfeboro police officers conspired with the then-acting town manager to effectuate the plaintiff's unlawful arrest and prosecution and that the town itself defamed her by banning her from town hall and the police

3

station without due process and then publicizing the costly nature of her legal pursuits against the town in a local newspaper. *Id*. ¶¶ 12-19.

The issue here, however, is not whether the allegations of the complaint state a viable claim but, rather, the fact that they reveal no jurisdictional nexus between any party to this suit and Maine. The plaintiff sues the Town of Wolfeboro, New Hampshire, identifies herself and all of the individual defendants as New Hampshire residents, and describes all of her causes of action as arising from incidents that occurred in that state. *See generally* Complaint. Pursuant to 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States[,]" 28 U.S.C. § 1391(a)(1), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. § 1391(b).

No defendant resides in Maine, and no act of which the plaintiff complains transpired here. Hence, this action may not be brought here unless there is no other judicial district in which it may be brought. Clearly, that is not the case. The USDC/New Hampshire, in which all of the defendants reside and where all events at issue transpired, is a proper venue for the plaintiff's suit.

Indeed, in a filing titled Motion for Expediting Ruling – Response from Judge ("Motion for Ruling") (ECF No. 5), the plaintiff discloses that she filed what appears to have been the same lawsuit in the USDC/New Hampshire but "cancelled" it seven days before a scheduled jury trial because she took issue with rulings made by that court. Motion for Ruling at 1. My research

4

verifies that the plaintiff filed separate lawsuits in the USDC/New Hampshire arising from the events at issue in this case that were consolidated on July 22, 2016, into the case of *Amatucci v. James O'Brien, et al.* ("*O'Brien*"), No. 1:15-cv-00356-JL (D.N.H.). *See* ECF Nos. 24, 27, *O'Brien*. On April 28, 2017, the day after the USDC/New Hampshire set trial for a two-week period beginning on May 3, 2017, the plaintiff filed a "Notice of Voluntary Non-Suit" in that court, *see* ECF Nos. 212, 214, *id.*, while simultaneously filing her action here, *see* Complaint.

She has since continued to litigate her parallel cases in both courts, responding to orders of the USDC/New Hampshire to file written pleadings and attend a show-cause hearing in connection with her Notice of Voluntary Non-Suit and most recently seeking reconsideration of the USDC/New Hampshire's dismissal of the *O'Brien* case with prejudice. *See* ECF Nos. 215-26, *O'Brien*.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir. 1993).

Because the plaintiff improperly filed suit in this court while the same or similar case was pending in the USDC/New Hampshire, I recommend that the court transfer this case to the USDC/New Hampshire, which is best-suited to determine whether, in view of its disposition of her consolidated case there, any portion of this action survives.

## III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* and recommend that the court **TRANSFER** this case to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 11th day of August, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge